UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW HAMILTON PRITCHARD, | : | Case No. 3:24-cv-1103 (SVN) |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT M. JONES, *et al.*, | : | |
| *Respondents*. | : | July 30, 2024 |

### ORDER DISMISSING PETITION AND AMENDED PETITION

Petitioner Andrew Hamilton Pritchard ("Pritchard") has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although he identifies himself as "Petitioner," Pritchard states that he has filed this action on behalf of Samuel A. Magliari, Jr. ("Magliari"). Pritchard describes Magliari as a whistleblower and contends that Magliari has been subjected to "false charges" by various state court judges as well as "excessive force, kidnapping, imprisonment, forced drugging, seizure, no liberty, no jurisdiction, and 'war against the Constitution-treason.'" Pet., ECF No. 1 at 1.

Section 2254 provides that the Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under this statute, either the person in custody or someone acting on his behalf, as his "next friend," can pursue habeas relief. *See Ross ex rel. Smyth v. Lantz*, 396 F.3d 512, 513–14 (2d Cir. 2005).

Records available on the Connecticut Department of Correction website show that Magliari is not currently incarcerated within the Department of Correction[1] and records available on the Connecticut Judicial Branch website show no convictions for him.[2] The Connecticut Judicial Branch website shows six pending cases for Magliari, but he has been released from custody pending trial as to all of those cases.[3] Thus, the petition is not cognizable under Section 2254, as it does not appear to have been brought on behalf of a person "in custody."

In any event, even if Magliari were in custody, Pritchard does not meet the requirements for seeking habeas relief on Magliari's behalf as a "next friend." "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Thus, Pritchard has incorrectly styled himself as "Petitioner" in this case. Nor is he properly considered Magliari's "next friend." "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. The Supreme Court has identified two "firmly rooted prerequisites" for "next friend" standing. *Id*. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. . . . Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate . . . and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id*. at 163–64

---

[1] Although Petitioner provides an inmate number allegedly assigned to Magliari, *see* ECF No. 5 at 4, a search for that inmate number on the Connecticut Department of Correction website does not produce any results.

[2] The Court may take judicial notice of matters of public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425(KAD), 2023 WL 1818545, at *2 (D. Conn. Feb.8, 2023) (taking judicial notice of state prison website inmate locator information).

[3] Available at https://www.jud2ct.gov/crdockets/parm1.aspx, under a search for "Magliari, S." (last visited July 29, 2024).

(citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164.

Pritchard makes no showing for either prerequisite. He does not explain why Magliari, who is not incarcerated, cannot file a petition on his own. *See, e.g., Calderon ex rel. Santos v. Choinski*, No. 3:04-cv-1475 (JCH), 2006 WL 2474954, at *2 (D. Conn. Aug. 25, 2006) (denying "next friend" standing for failure to demonstrate that inmate was incompetent or unavailable to prosecute the petition for writ of habeas corpus). Regarding his relationship with Magliari, Pritchard identifies himself only as "beneficiary in equity/executor of 9 Sylvester Court, Norwalk, Connecticut." ECF No. 1 at 1; Am. Pet., ECF No. 5 at 2. The petition includes no information showing how this description supports a significant relationship with Magliari. The Court notes that even close family members have been denied "next friend" status. *See, e.g., Ross ex rel. Dunham v. Lantz*, 408 F.3d 121, 123 (2d Cir. 2005) (denying "next friend" standing to sister of death row inmate); *Ross ex rel. Ross v. Rell*, 392 F. Supp. 2d 224, 227 (D. Conn. 2005) (denying "next friend" standing to father of death row inmate).

"[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Wang v. City of New York*, No. 08-CV-04258 (DLI), 2009 WL 705966, at *1 (E.D.N.Y. Mar. 16, 2009) (quoting *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (internal quotation marks omitted)). That is the case here, and the Court therefore lacks jurisdiction to consider the petition.

The original and amended petitions for writ of habeas corpus are therefore DISMISSED for lack of jurisdiction. To the extent Pritchard believes he can adequately serve as Magliari's "next friend" under the legal standard set forth herein, he may file a second amended petition by

**August 29, 2024.** Alternatively, to the extent Magliari believes he is entitled to habeas relief, Magliari may file a petition on his own behalf in a new action.

    **SO ORDERED** this 30th day of July, 2024, at Hartford, Connecticut.

                                         */s Sarala V. Nagala*
                                         SARALA V. NAGALA
                                         UNITED STATES DISTRICT JUDGE